Mr. Justice GRIER
 

 delivered the opi nion of the court.
 

 The case, well stated by the reporter, sufficiently demonstrates. that there was no error in the decision of the Court of Claims'sustaining the demurrer to the plaintiff’s petition.
 

 
 *364
 
 The claimant has not shown that he was ever known or recognized by the United States as one of the parties to, or as interested in, the contract made by Captain Meigs, on' behalf of the United States, for furnishing bricks for the construction of the "Washington aqueduct. ' That contract provides that it should not be sub-let or assigned.
 

 The petition shows that the claimant was acting under a contract with Mechlin & Alexander (who were the sureties for the fulfilment of the contract of Degges & Smith), and not under a contract with the United States, and was recognized only as agent, attorney-in-fact, or
 
 employé
 
 of the sureties; and that under/the resolution of Congress, approved March 3d, 1857, by which the Secretary of the Treasury was authorized to settle with all "the parties, respectively, in the
 
 contract,
 
 the claimant was not included, because he was no party to it either originally or by substitution.
 

 The award made by the Secretary of the Treasury, and the payment of the money under it, were in strict accordance with the provisions of the resolution. The secretary properly declined to settle the account between Mechlin & Alexander as to how the money so paid should be divided between them" and their agent. Of this sum the petitioner received $10,476, which he accepted, “ under protest; ” — which could only mean saving his right to importune Congress or the Court of Claims for
 
 more.
 
 This has occasionally proved a valuable privilege. But something more is necessary to recover in a" court of justice.
 

 Judgment affirmed.